STOKER, Judge.
On June 7, 1982, defendant Lloyd G. Jones, Jr., pleaded guilty to various drug charges and was sentenced by the trial court.
This appeal (our number CR 82-605) involves methaqualone. It is consolidated with appeal Number CR 82-606 as to the same defendant which involves marijuana. That case is reported in 433 So.2d 382 (La.App. 3rd Cir.1983). We discuss both *379 cases in this opinion but render a separate opinion in Number CR 82-606. The charges and counts to which plaintiff pleaded and the specific sentences imposed in both cases are summarized in Appendix I to this opinion.
This appeal is solely concerned with defendant’s claim that the sentences imposed are excessive and that the trial court failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. 894.1. Through a process of suspending prison terms imposed, levying heavy fines and requiring service of concurrent terms of six months imprisonment in the parish jail as a condition of probation, defendant’s effective penalty for all offenses consists of serving six months in the parish jail, payment of fines totaling $30,000 plus costs of court and forfeiture of a 1972 automobile. The total probation period was ten years. The defendant was given two years to pay his fines. The period of two years given defendant within which to pay his fines is the amount of time requested on behalf of defendant and is, therefore, apparently not a point of complaint. Tr. 126, Record in Number CR 82-605. The maximum to which defendant could have been sentenced was fifty years and six months and fines of $75,000.00. If the State could complain of insufficiency of sentence, we might well regard such a complaint as more meritorious than defendant’s claim for excessiveness.
The only thing unusual about defendant’s sentence is the fact that the trial court chose to levy heavy fines instead of imposing extensive prison terms in state prisons operated by the State Department of Corrections. In imposing the sentences the sentencing judge commented that, because of the defendant’s family connections, defendant’s life would be endangered if he should be required to serve in a prison under the Department of Corrections. The trial judge stated he doubted that the defendant would last a year in such a prison before being killed.
The trial judge was faced with a practical •concern touching on the welfare of the defendant. His disposition appears to have been made out of compassion for the defendant. We think we may reasonably conclude that the trial judge properly performed his discretionary function in the best interests of the defendant. Defendant only complains of the $30,000.00 in fines. He makes no complaint about the length or conditions of his probation. Considering that the only other penalty which defendant has to suffer is his six-month prison sentence, it ill behooves him to complain. Presented with special circumstances we feel that a trial court in its sound discretion is given considerable leeway in adjusting the penalty to be imposed. In this instance, we do not find the imposition of fines totaling $30,000.00 to be excessive. Considering all facts of the sentences together they are not disproportionate to the crime committed.
A special point of argument urged by defendant is that the imposition of $30,-000.00 in fines is disproportionate to fines levied against other defendants in other drug cases prosecuted in the Fourteenth Judicial District Court. Defendant alleges that such fines range from $2,500.00 to $10,-000.00. Defendant further alleges that the same district judge who sentenced him has since meted out fines of $2,500.00 and $1,000.00 to offenders sentenced on charges similar to those to which defendant pleaded guilty.
Sentencing judges are not required to treat codefendants equally. State v. Rogers, 405 So.2d 829 (La.1981) and State v. Quimby, 419 So.2d 951 (La.1982). The same should apply to comparisons of similar offenses.
These arguments made on behalf of defendant focus on the amount of fines only, and defendant’s brief does not discuss these fines together with prison terms which may have been given. We are of the opinion that each case must be considered on its own merits and the sentencing judge should take into account the circumstances of each case. A trial judge has no obligation to impose the same penalty on all drug offenders. On the contrary, the judge has the duty to individualize each sentence by *380 adopting it to the offender and the offense. State v. Quimby, supra.
The record indicates that defendant made five sales involving approximately 2½ pounds of marijuana and 150 tablets of methaqualone to undercover agents working for the sheriff’s department. At the time of this arrest, defendant was discovered to have over a pound of marijuana in the trunk of his car. In sentencing defendant, the trial court noted the severity of defendant’s crimes and the absence of any mitigating factors that would deprecate the seriousness of his offenses. The court found that defendant differed from many others convicted of similar offenses in that he came from a good background and was fairly well educated. The court concluded that the only impetus behind defendant’s criminal activity was his own greed.
In reviewing a claim of excessive sentencing, the trial judge is to be accorded wide discretion in the imposition of sentences within statutory limits. The sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). The maximum fines which could have been imposed, as we have noted, totaled $75,000.00.
In view of the remarks made by the sentencing judge concerning his reason for imposing $30,000.00 in fines, together with his other comments, we conclude that he adequately complied with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
For the foregoing reasons, the sentences complained of are affirmed.
AFFIRMED.
APPENDIX I
The charges to which defendant Lloyd Jones, Jr. pleaded guilty and the sentences imposed are summarized as follows:
1.Two counts of possession of metha-qualone with intent to distribute the drug, a violation of LSA-R.S. 40:967 A(l).
Defendant was sentenced on each of these charges to pay a fine of $7,500.00 plus costs (or to serve two years in prison in default of payment). In addition defendant was sentenced on each count to serve five years in prison under the supervision of the Department of Corrections with the sentences to run consecutively. However, the prison sentences were suspended and defendant was placed on five years of supervised probation; service of six months in the parish prison was imposed as a condition of the probation. The total fines on these two counts amounted to $15,000.00.
2. Three counts of distribution of marijuana, a violation of LSA-R.S. 40:967 A(l) and one count of possession of marijuana, a violation of LSA-R.S. 40:966 D.
On two of the counts of distribution of marijuana the defendant was sentenced to pay fines on each of the counts, $7,500.00 each, or a total of $15,000.00. The additional sentence in each was similar to those imposed for possession of methaqualone and subject to the same six months parish jail sentence. At a later date defendant was sentenced on the third count of distribution of marijuana to the same sentence but without imposition of a fine. See Tr. 13 in Number CR 82-605 and Tr. 14 in Number CR 82-606. These sentences were to run concurrently. On count four, simple possession of marijuana, defendant was sentenced to serve six months in the parish jail concurrently with the conditional six month jail sentences, all of which were to run concurrently.
3. The trial court fixed the date for beginning service of the concurrent six months jail sentences at August 2, 1982, and ordered all fines to be paid on or before July 28, 1984, two years after the first sentences were imposed.
KNOLL, J., dissents and assigns written reasons.