447 So.2d 1050 (1984)
STATE of Louisiana
v.
Lloyd JONES, Jr.
No. 83-K-1808.
Supreme Court of Louisiana.
February 27, 1984.
Michael K. Dees, Lake Charles, for applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Dist. Atty., Larry J. Regan, Gernine M. Mailhes, Asst. Dist. Attys., for respondent.
MARCUS, Justice.
Pursuant to a plea bargain, Lloyd Jones, Jr. pleaded guilty to two counts of possession with intent to distribute methaqualone in violation of La.R.S. 40:967(A)(1) in one information (15,850-81); he also pleaded guilty to three counts of distribution of marijuana in violation of La.R.S. 40:967(A)(1) and to one count of possession of marijuana in violation of La.R.S. 40:966(C) in another information (15,989-81).
Subsequently, in connection with information 15,850-81, defendant was sentenced on the first count of possession with intent to distribute methaqualone to serve five years at hard labor, suspended, and placed on supervised probation for five years conditioned on his serving six months in the *1051 parish jail; in addition, he was sentenced to pay a fine of $7,500 by July 28, 1984, or, in default thereof, to serve two years at hard labor. On the second count, the sentence was the same as the one imposed on the first count except that there was no special condition of probation. The sentence on the second count was ordered to be served consecutively with the sentence on the first count.
In connection with information 15,989-81, defendant was sentenced on the first two counts of distribution of marijuana to the same sentence as that imposed on the second count of 15,580-81. These sentences were ordered to be served concurrently with the sentence on the first count of 15,850-81. On the third count of distribution of marijuana, defendant was sentenced to serve five years at hard labor, suspended, and this sentence was ordered to be served concurrently with the sentences in 15,850-81. On the fourth count, possession of marijuana, defendant was sentenced to serve six months in the parish jail to run concurrently with the six-month jail term imposed as a special condition of probation in the first count of 15,580-81.
The cumulative effect of these six sentences was that defendant was ordered to serve ten years at hard labor, suspended, and placed on supervised probation for ten years subject to the special condition that he serve six months in the parish jail; further, he was exposed to fines totaling $30,000 or, in default thereof, to serve four years at hard labor. The trial judge denied defendant's motion to reduce the sentences. The court of appeal, with one judge dissenting, affirmed the sentences.[1] Upon defendant's application, we granted a writ to review the legality of these sentences.[2]
Defendant contends the trial judge erred in failing to follow the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 and in imposing an excessive sentence.
At a preliminary examination, Deputies John Becton, John Lippmin and Donna Plaisance of the narcotics division of the Calcasieu Parish Sheriff's Department testified about the drug transactions involving defendant. Deputy Becton testified that a student at McNeese State University, Brian Richardson, contacted the sheriff's department in May or June of 1981 requesting work. After a satisfactory evaluation, he was deputized and placed on the payroll as an undercover narcotics agent whose assignment was to buy illegal drugs on the street. On July 1, 1981, Deputy Richardson called the sheriff's department and informed them that he had arranged to purchase one half pound of marijuana from defendant, a fellow student at McNeese. Deputy Richardson used $180 of sheriff's department "buy money" to make the purchase while being observed by other narcotics agents. Deputy Lippmin described the next two purchases of marijuana. As in the initial buy, these purchases were set up and made by Deputy Richardson with sheriff's department "buy money." On July 6 and 16, one pound of marijuana was purchased on each occasion for $350. Deputy Plaisance testified about the purchases of methaqualone. As in the purchases of marijuana, Deputy Richardson prearranged the sales. On September 3 and 11 of 1981, 100 pills and 50 pills were bought for $350 and $175, respectively. Pursuant to a general round-up of suspected drug dealers, defendant was arrested at his home on October 20, 1981 and his car was seized. An inventory search of the vehicle uncovered about three pounds of marijuana. The trial judge ruled that there was probable cause to charge defendant on all of the counts.
Pursuant to a plea bargain that did not include an agreement on possible sentences, defendant pleaded guilty as aforesaid. At the sentencing hearing, information bearing on the appropriate penalty consisted of the above facts about the offenses, five letters from friends and relatives attesting to defendant's good character, and the pre-sentence investigation report. *1052 The PSI report revealed the following. Defendant was 25 years old at the time of his arrest and had no prior criminal record. He served in the Marine Corps from 1975 until 1979. After an honorable discharge, defendant entered McNeese State University and worked parttime as a longshoreman. Following his arrest, defendant voluntarily entered a narcotics counseling and treatment facility and continued to reside with his parents.
After noting the above information, the trial judge stated that despite the opportunities provided by his good background, defendant "chose to disobey the law and obviously make a profit at selling controlled drugs." With regard to the appropriate penalty, the judge commented: "Of course, you come from a very fine family. I know your father; I think he's a fine person. He has a very responsible position and job in our community. If I were to send you to the Department of Corrections, Lloyd, I doubt if you would last a year.... Sentencing you to the Department of Corrections would be signing your death warrant. Somebody would like to say, well, I killed the son of an aide to a United States Congressman." Hence, defendant was sentenced essentially to serve ten years at hard labor, suspended, pay a fine of $30,000 or serve four years at hard labor, serve six months in the parish jail, and probation for ten years.
By attachments to a motion for appeal, defendant introduced evidence to rebut certain conclusions relied upon by the trial judge in imposing the sentences and evidence tending to show the excessiveness of the fines. Defendant's affidavit reveals that he sold the drugs to Deputy Richardson because of a misplaced sense of friendship and not to make a profit. He contended that his total profit on the five transactions was $30 in cash. Further, his assets at the time of his arrest included a 1972 Oldsmobile, which was seized and forfeited to the state, $400 in savings, $400 in government bonds, and $342 per month while in school under the G.I. Bill. His total earnings in 1981 from parttime jobs were about $3,000. Finally, his parents' affidavit confirmed that defendant's father was an aide to a United States Congressman but that his annual salary was only $31,503.
Our review of the record in this case reveals that defendant has been illegally sentenced. Although defendant did not object to this error at the time of sentencing or urge it on appeal, the error shall be considered by this court since it is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2); State v. Wiggins, 432 So.2d 234 (La.1983).
Defendant's sentences on the first and second counts of informations 15,850-81 and 15,989-81 each include two years at hard labor in default of payment of a fine of $7,500. The pertinent part of La.Code Crim.P. art. 884 provides: "If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year." Under this provision, the trial judge was not authorized to impose an alternative to a fine that consisted of a term of imprisonment longer than one year. Thus, defendant's sentences on the first and second counts of informations 15,850-81 and 15,989-81 are illegal. An illegal sentence may be vacated and corrected at any time. La.Code Crim.P. art. 882; State v. Wiggins, supra. Hence, these sentences must be vacated and the case remanded to the trial court with instructions to the trial judge to resentence defendant in accordance with law.
It should be noted that defendant contends the trial judge erred in failing to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. He argues the trial judge did not state for the record the considerations taken into account and the factual basis for imposing fines totaling $30,000. Defendant also contends the trial judge erred in imposing an excessive sentence. He argues fines totaling $30,000 are "grossly disproportionate" *1053 to the severity of the crimes, especially considering defendant's potential ability to pay, the circumstances of the crimes and defendant's law abiding and productive life prior to these offenses. Because we have determined that the sentences on the first and second counts of informations 15,580-81 and 15,989-81 are illegal as violative of La.Code Crim.P. art. 884, we need not and do not decide these issues relative to these counts. The sentences on the remaining counts (third and fourth of information 15,989-81), five years at hard labor, suspended, and six months in the parish prison, respectively, are not excessive and therefore will be affirmed.

DECREE
For the reasons assigned, defendant's sentences on the third and fourth counts of information 15,989-81 are affirmed. The sentences on the first and second counts of informations 15,580-81 and 15,989-81 are vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to resentence defendant on these counts in accordance with law.
WATSON, J., concurs with reasons.
WATSON, Justice, concurring.
The majority is correct in remanding this matter for a new and legal sentence. Additionally, the sentence given defendant appears excessive under the prior jurisprudence of this court; the fines were apparently imposed without consideration of ability to pay. Cf. State v. Forshee, 395 So.2d 742 (La.1981).[1] However, the trial court should take care in resentencing not to violate the principles of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
I respectfully concur.
NOTES
[1] 433 So.2d 378 (La.App. 3d Cir.1983) and 433 So.2d 382 (La.App. 3d Cir.1983).
[2] 440 So.2d 754 (La.1983).
[1] It is now established that placing a defendant in jail for inability or failure to pay a fine imposed as a condition of probation is not permissible. Bearden v. Georgia, ___ U.S. ___, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).