473 So.2d 66 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lloyd JONES, Jr., Defendant-Appellant.
No. CR84-455.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Michael K. Dees, McHale, Bufkin & Dees, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Gernine Mailhes, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and KNOLL, JJ.
STOKER, Judge.
On June 7, 1982, defendant, Lloyd G. Jones, Jr., pleaded guilty to various drug charges and was sentenced by the trial court. The sentences were affirmed by *67 this Court at 433 So.2d 378 (La.App. 3d Cir.1983) and 433 So.2d 382 (La.App. 3d Cir.1983). The Supreme Court remanded for resentencing at 447 So.2d 1050 (La. 1984). The trial court resentenced defendant and he again appeals his sentences to this Court.
This appeal (our Number CR84-455) involves marijuana. It is consolidated with appeal Number CR84-456, 473 So.2d 73 as to the same defendant which involves methaqualone. We discuss both cases in this opinion but render a separate opinion in Number CR84-456. The charges and counts to which defendant pleaded guilty and the specific sentences imposed in both cases are summarized in Appendix I to this opinion.
The defendant makes five assignments of error:
1.
The trial judge erred by imposing a sentence which is cruel, unusual or excessive within the meaning of Article I, Section 20 of the Louisiana Constitution of 1974 in that the fine of $30,000.00 imposed is grossly disproportionate to the severity of the crime and to other sentences imposed in like cases.
2.
The fine imposed under the circumstances of this case is violative of due process and equal protection as established by the United States Constitution because the defendant is forced to serve jail time solely because of his inability to pay such excessive fines and the court has imposed such excessive fines because of the defendant's family.
3.
The trial court erred in not particularizing the reasons for the sentence as required by Louisiana Code of Criminal Procedure Article 894.1 and, in particular, not determining the ability of the defendant to pay a large fine.
4.
The trial court erred in denying defendant's motion to produce additional testimony before resentencing, especially in regard to the defendant's ability to pay such a large fine and further, erred in even refusing to allow the defendant to make a proffer of evidence.
5.
The trial court erred in imposing ten (10) years of supervised probation in violation of C.Cr.P. Article 893 which limits supervised probation to any defendant to five (5) years.
As noted briefly in the first paragraph above, the sentencing of defendant, Lloyd Jones, Jr., has been before this Court of Appeal previously (433 So.2d 378) and was considered to a limited extent by the Louisiana Supreme Court (447 So.2d 1050). Those opinions cover virtually all of the facts and information relative to these cases. In addition to the majority opinion of this Court, Judge Knoll included certain facts and information in her dissenting opinion which begins on page 380 of the reporter volume. Under the circumstances further recitation of the facts is unnecessary.
Although the Supreme Court took Jones's two cases on writ of review and discussed at some length facts it deemed pertinent, it did not pass on the question of the excessiveness of sentences which consist of fines totaling $30,000. On each of the four $7,500 fines levied the trial court provided that in default of payment of the fine, the defendant should serve imprisonment at hard labor for two years. The Supreme Court noted that under Article 884 of the Louisiana Code of Criminal Procedure the maximum imprisonment which may be imposed for such default is one year. As the two-year alternative to payment of the fine was illegal, the sentences as to the counts involved were vacated and set aside and the cases were remanded to the trial court for resentencing in accordance with law.
*68 Inasmuch as the remand by the Supreme Court was based on the illegal default clause only, it has not commented on the defendant's complaint that his fines totaling $30,000 is excessive. In a concurring opinion Justice Watson stated that "the sentence given defendant appears excessive under the prior jurisprudence of this court; the fines were apparently imposed without consideration of ability to pay."
Upon remand, the trial court reimposed the sentences it had originally given with the exception that it reduced the alternative prison term for default to the one-year maximum. With the exception of the default clause change, the same sentences are before us as were considered by us in 433 So.2d 378.
As a member of the first panel Judge Knoll dissented and assigned written reasons stating that in her opinion the fine (that is, the total of $30,000) was unconstitutionally disproportionate and excessive. She noted that at the time a study of the trial court's previously imposed fines reflected that the largest fine imposed for drug offenses was $10,000. She also noted the Supreme Court held in State v. Forshee, 395 So.2d 742 (La.1981) that a fine of $7,500 for possession with intent to distribute preludin was excessive.
Speaking for my own part, I would probably adhere to the views authored by me in our opinion in 433 So.2d 378, if the trial court at the second sentencing had confined itself to reimposing the original sentences with the correction of the default clause to comply with the Supreme Court's remand and to conform to C.Cr.P. art. 884. However, as a result of certain remarks made by the trial court at the resentencing, I personally conclude that the trial judge undermined the validity of the basis for the majority affirmance of the sentences imposed contained in our opinion at 433 So.2d 378.
On this appeal from the resentencing all three members of this present panel are of the opinion that the fines totaling $30,000 are cumulatively excessive.
Parenthetically we should note that the only complaint before us relates to the total fines of $30,000. Although the defendant received suspended prison terms and was placed on probation which required him to serve concurrent terms of six months in the parish jail, he does not complain of these aspects of the sentences. We are informed that the defendant has served the six months parish jail sentence imposed as a condition of probation.

TRIAL COURT'S REMARKS AT SECOND SENTENCING
Prior to considering defendant's specific assignments of error, it is pertinent that we set forth a portion of the remarks of the trial court uttered at the time of resentencing defendant. We quote the following remarks:
"THE COURT: ... Mr. Jones, you've been brought back before this Court, because of an oversight that was not noticed by the Court.... That oversight merely consisted of my saying that, if you did not pay the fine that we imposed previously, that you'd have to serve two years with the Department of Corrections. Well, Article 884 of the Code of Criminal Procedure limits that time to one year. When your lawyer appeared before the Supreme Court in New Orleans some time ago and argued your case, he argued that your sentence was excessive, and that this Court did not consider your ability to pay a fine when it imposed the fines upon you. Well, that argument has no merit for three reasons. The first is that you are a drug dealer, and you were actively selling quantities of contraband in this community, and there's no way that this Court can know how many sales you actually made. We only know of the ones which were brought before the Court. One can only guess how many persons have been affected by the drugs you sold. It's commonplace to hear ... in our Court, to hear people say, I stole, or I commited burglary in order to get funds to finance my drug habit. I was wondering if you've ever thought how many ... how *69 much you may have contributed to the local drug scene by your own activities in selling drugs. Your lawyer's remarks were without foundation for a second reason: that is, that the people of this State, and particularly the people of this community, are strongly opposed to drug sale and use. Hardly a day goes by that there isn't something in the news concerning the problem of drugs. We note that school officials and law enforcement people are making superhuman efforts to free our schools of drugs, and the Legislature has taken a strong stand on the subject of controlled dangerous substances, and has prescribed rather stringent penalties. Thirdly, because of your personal safety, I chose not to send you to the Department of Corrections when we sentenced you earlier. I kept in mind that you were a dealer in drugs, and that an alternative to incarceration was a fine. Now, the Legislature thinks that a fine up to $15,000.00 is appropriate, and I knew, when I decided against sending you to Angola, that a small fine, or a slap on the wrist, if you will, would not be an adequate ... or would not be adequate to punish you for your admitted transgressions, or to deter others who might feel that selling drugs is of little significance here in our community. I knew that a fine of $7,500.00 on each count was stiff. I knew you'd have to work hard and, possibly, borrow money to pay the fine. I also recognized that you, or your family would most surely help you in payment of the fines, and I cannot help but noticing, in passing, that the Supreme Court chose to remark in their opinion that your father's annual salary was only $31,503.00, and I assume that he has no other income. Well, I question the accuracy of that figure, because, according to the Lake Charles American Press, your dad was one of the Governor's guests on a trip to Paris recently. It is my understanding that one did not get invited on that trip, unless a very large contribution was made to the Governor's campaign fund, and, by large, I mean something in excess of $10,000.00. Probation and Parole has given me information to the effect that you've not been involved in any other criminal activity since you were here before, nor have you violated the terms of your probation. Well, that's no great revelation to me. I think that you'll admit that it was awful dumb to have sold drugs in the first place. I don't think that you're stupid enough to violate your probation and have to go to the Department of Corrections. You were sentenced before after I agonized over the proper sentence, weighing each and every possibility and alternative, keeping in mind this Court's obligation to you and the community. I thought, at that time, that the sentence was appropriate. I thought, at the time that I sentenced you, that the sentence was appropriate, and I feel even more strongly now that sentence was appropriate. I impose the same sentence that we originally gave you, except that, in the event you fail to pay each fine of $7,500.00, you're to serve only one year in the Department of Corrections. Thank you."

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3.
We will consider together defendant's first three assignments of error. In these three assignments defendant urges that "the fine of $30,000.00" (1) is grossly disproportionate to the severity of "the crime" and to other sentences imposed in like cases, (2) is violative of constitutional due process and equal protection rights because he is forced to serve jail time merely because of his inability to pay excessive fines, and (3) the trial court failed to particularize the reasons for the sentences as required by law, LSA-C.Cr.P. art. 894.1.
In our opinion the trial court made unwarranted assumptions in resentencing defendant as reflected in the statement by the trial court quoted above.
The trial court assumed that the defendant made drug sales in the Lake Charles community other than those for *70 which he was charged and to which he pleaded guilty. The trial court stated:
"... you are a drug dealer, and you were actively selling quantities of contraband in this community, and there's no way that this Court can know how many sales you actually made. We only know of the ones which were brought before the Court. One can only guess how many persons have been affected by the drugs you sold."
The sentencing judge may not make assumptions of other criminal activity by the defendant. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).
Evidently the trial court was strongly influenced by its perception of the community attitude toward drug traffic. The judge stated that "the people of this State, and particularly the people of this community, are strongly opposed to drug sale and traffic." Following this statement the judge made comments to support the statement. We do not deny the attitude described may prevail in this State or the Lake Charles community, as well as many others. However, in sentencing a defendant it is inappropriate for a trial judge to consider as a factor the fact (or assumption) that the people of the State or community are strongly opposed to drug sales and use. State v. Bourgeois, 406 So.2d 550 (La.1981). Cf. State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984). This is not to say, of course, that a sentencing judge may not take into account the public policy of the State as expressed in statutes and in legislative history. We would certainly not fault the trial court in its concern for society as it is affected by the drug traffic, but the point of the matter, as we see it, is that sentences must be individualized. Unfortunately, reference to community attitudes suggests, whether it be true or not, that a sentencing was not in fact individualized as required by law.
The one note of individualization which shines forth, expressed at the original hearing and alluded to at the second sentencing, was the trial court's concern for the defendant's personal safety if he were incarcerated in one of the State's prisons. In bypassing an absolute prison sentence, the trial court presumably sought to make up for failure to impose actual prison time by imposing a penalty consisting of a large amount in total fines. However, the trial court's remarks at the second hearing convinces us that, however justified such a course might be, the trial court improperly assumed that defendant was able to pay $30,000 in fines. Worst, however, is the clear statement, or at least indication, that the fines were intended to fall not on defendant alone, but were intended to also fall on defendant's family, particularly defendant's father. We find some of the trial court's motivation expressed in the following words:
"I knew that a fine of $7,500.00 on each count was stiff. I knew you'd have to work hard and, possibly, borrow money to pay the fine. I also recognized that you, or your family would most surely help you in payment of the fines, and I cannot help but noticing, in passing, that the Supreme Court chose to remark in their opinion that your father's annual salary was only $31,503.00, and I assume that he has no other income. Well, I question the accuracy of that figure, because, according to the Lake Charles American Press, your dad was one of the Governor's guests on a trip to Paris recently. It is my understanding that one did not get invited on that trip, unless a very large contribution was made to the Governor's campaign fund, and, by large, I mean something in excess of $10,000.00."
Aside from indulging in clear assumption concerning defendant's father's financial well-being, the fact that the trial court expected the father to pay some portion of the fine would by itself require that the matter be returned to the trial court for resentencing. Since the sentences will be set aside and the cases will be remanded for resentencing, we will not pass on the constitutional questions raised by defendant's contention that in truth and fact he will be forced to serve jail time solely because *71 of his inability to pay the $30,000 in fines.
In the case of an indigent defendant it is impermissible to impose a prison term in lieu of fine payment that would result in the defendant's serving a longer term than the maximum for the offense, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). It is impermissible to imprison an indigent for failure to pay a fine for a crime punishable by fines only, Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), or to revoke probation because petitioner could not pay his fine without determining that petitioner had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). These rulings primarily protect indigent defendants. We realize that many persons who are not indigent would be unable to pay a $30,000 fine. Nevertheless, we will not comment further inasmuch as these considerations will be taken into account by the trial court on remand. The trial court is specifically instructed to consider the ability to pay of defendant only and not to assume that family assistance will be forthcoming. No less will be required if the sentences are to be individualized.
As defendant's third assignment, defendant urged that the trial court erred in not particularizing the reasons for the sentences as required by LSA-C.Cr.P. art. 894.1, in particular in not determining the ability of defendant to pay a large fine. We have sufficiently commented on the question of ability to pay. Otherwise, except for the inappropriate remarks made by the trial court at the second sentencing, we find no merit to defendant's claim that the reasons for the sentences were not particularized.
At the defendant's original sentencing the trial judge adequately complied with the requirements of C.Cr.P. art. 894.1, which requires the court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. He specifically stated he did not sentence defendant to imprisonment in the State prisons because his life would be endangered. He took into account his personal background. He noted that the defendant came from a good background and was fairly well educated. No circumstances were noted that would mitigate the seriousness of the crime. The defendant was later resentenced as ordered by the Supreme Court. He was given the same sentences, except that in default of paying the fines he will serve one year in prison rather than two. The judge stated that a small fine would not be adequate punishment and would not have a deterrent effect. Saving our comments concerning the amount of fines, we believe the reasons given justify the sentences imposed and are sufficient to comply with C.Cr.P. art. 894.1.
Although this appeal concerns the matter of the fines only, the sentences did in fact encompass substantial probated prison sentences and service of six months in jail as a condition of probation. Aside from the question determining defendant's ability to pay fines, we hold that the trial court complied with C.Cr.P. art. 894.1.

ASSIGNMENT OF ERROR NO. 4
The fourth assignment of error is that the trial court erred in denying defendant's motion to produce additional testimony before resentencing, especially in regard to the defendant's ability to pay such a large fine and, further, erred in even refusing to allow the defendant to make a proffer of evidence. At the resentencing the judge asked defense counsel if he had anything to tell him. Defense counsel attempted to put on testimony at that time. The defendant had the opportunity at that time to deny or explain adverse information which is prejudicially false or misleading, but did not have the right to a full-scale evidentiary hearing on such false information. State v. Bosworth, 360 So.2d 173 (La.1978). There is no requirement that the defendant be allowed to present any other evidence at a sentencing hearing in a non-capital case. The judge did not err in *72 not permitting the defendant to present the testimony of his five witnesses.

ASSIGNMENT OF ERROR NO. 5.
The fifth and final assignment of error is that the trial court erred in imposing ten years of supervised probation in violation of C.Cr.P. art. 893, which limits supervised probation to any defendant to five years. In its brief the State argues, "It appears from the record that the trial court merely intended that the sentences would run consecutive [sic] if served, not the probation period." Since both State and defendant contend that the probation period should be five years, we will construe the judgment of the trial court as imposing one period of supervised probation of five years for all sentences. As the cases will be remanded for resentencing, the trial court may clarify the matter in resentencing the defendant.

SPECIAL INSTRUCTIONS
At its original sentencing the trial court provided that all fines be paid on or before July 28, 1984, two years after the first sentences were imposed. This matter was not alluded to at the second sentencing. The date for payment is long past. In fairness to the defendant the trial court should, upon resentencing, allow the defendant reasonable time from the date its new sentence is imposed within which to pay any fines imposed.

CONCLUSION
For the foregoing reasons we hold that the trial court abused its sentencing discretion in the sentences imposed at the second sentencing. Accordingly, defendant's sentences in this case are vacated and the case is remanded to the trial court for resentencing in accordance with the views expressed herein.
SENTENCES VACATED, REMANDED FOR RESENTENCING.

APPENDIX I
The charges to which defendant Lloyd Jones, Jr. pleaded guilty and the sentences imposed are summarized as follows:
1. Two counts of possession of methaqualone with intent to distribute the drug, a violation of LSA-R.S. 40:967 A(1).
Defendant was sentenced on each of these charges to pay a fine of $7,500.00 plus costs (or to serve one year in prison in default of payment). In addition defendant was sentenced on each count to serve five years in prison under the supervision of the Department of Corrections with the sentences to run consecutively. However, the prison sentences were suspended and defendant was placed on five years of supervised probation; service of six months in the parish prison was imposed as condition of the probation. The total fines on these two counts amounted to $15,000.00.
2. Three counts of distribution of marijuana, a violation of LSA-R.S. 40:967 A(1) and one count of possession of marijuana, a violation of LSA-R.S. 40:966 D.
On two of the counts of distribution of marijuana the defendant was sentenced to pay fines on each of the counts, $7,500.00 each, or a total of $15,000.00, with the same provision for default. The additional sentence in each was similar to those imposed for possession of methaqualone and subject to the same six months parish jail sentence. At a later date defendant was sentenced on the third count of distribution of marijuana to the same sentence but without imposition of a fine. These sentences were to run concurrently. On count four, simple possession of marijuana, defendant was sentenced to serve six months in the parish jail concurrently with the conditional six month jail sentences, all of which were to run concurrently.
3. At the first sentencing, but not the second, the trial court fixed the date for beginning service of the concurrent six months jail sentences at August 2, 1982, and ordered all fines to be paid on or before July 28, 1984, two years after the first sentences were imposed.