JOHN A. PATIN, Judge Pro Tem.
This appeal follows a conviction of Harry Joseph Roy, defendant, of simple arson causing damages of less than five hundred dollars. (La.R.S. 14:52)
The defendant was initially charged by bill of information with simple arson causing damages in excess of five hundred dollars. Following a plea of not guilty he was tried by a jury resulting in a verdict of guilty of simple arson causing damage of less than five hundred dollars. Motions for post verdict judgment of acquittal or in the alternative a new trial were denied. He was then sentenced on August 2, 1991, to serve three years at hard labor. The execution of this sentence was suspended and he was placed on supervised probation for five years subject to the following conditions; pay costs, reimburse the Indigent Defender Board, make restitution, pay a supervision fee of twenty dollars per month and serve six months in the parish jail.
In his appeal defendant first contends the verdict was contrary to the law and the evidence.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983). Where the evidence is.only circumstantial, in reviewing the conviction the appellate court must determine that a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. La.R.S. 15:438, State v. Austin, 399 So.2d 158 (La.1981); State v. Kersey, 406 So.2d 555 (La.1981).
In order to uphold a conviction, the state must prove the essential elements of the offense beyond a reasonable doubt. La.R.S. 14:52 provides in pertinent part:
A. Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51.
Lieutenant Wilson Thomas noticed a maroon Ford backed up to a building across the street from the scene of the fire at approximately 3:35-3:40 a.m. Once the fire was reported Officer Thomas advised Officers Thibodeaux and Gallow of the earlier presence of the car in the area. Officer Thibodeaux immediately stopped a car matching Thomas’ description being driven by defendant. The stop was made one-half block from the location of the fire. The ear seen by Thomas, stopped by Thibodeaux and Gallow and inventoried by Harrison *79 was the same car. Thomas testified the car he saw parked against the building contained a large blue trash- can. Thibo-deaux testified that he noticed a large blue trash can in the rear seat of the car he stopped and Harrison testified the inventory revealed a large trash can inside the car. This evidence refutes testimony by the defendant that he was not parked outside the building around 3:35-3:40 a.m.
The accelerant taken from the defendant’s car and from the shop were sent to the crime lab for analysis. The crime lab report stated that one can contained a liquid flammable solvent that contained alcohol. The other can contained Class Three Accelerants such as charcoal starter, oil base paint thinners and mineral spirits. Ida Guillot, a deputy state fire marshal, testified that a hydrocarbon detector, known as a “sniffer” was used at the crime scene to test for the presence of acceler-ants used to start the fire. The sniffer indicated accelerants were used. Guillot also testified that burn patterns consistent with the use of an accelerant to start the fire were present at the scene. Guillot testified the accelerants used to start the fire were the same type as those discovered in defendant’s car and shop. Mrs. Edna Kurtz testified that she owned the building in question and had not given defendant permission to burn it.
The defendant contends he was not parked at the building across the street and his car was not the car seen by Lieutenant Thomas. However, there is sufficient identification of the vehicle on the record to refute this contention. He also testified that he had gone to the store to get a cigarette lighter for his daughter and went by a bar to get a drink but it was closed so he went on toward his house and was stopped by police. The defense called Barry Carriere, an Opelousas police officer, to testify concerning prior reports of burglaries at the defendant’s place of business.
When the above evidence is viewed in the light most favorable to the prosecution it is clear the defendant’s conviction must stand. The evidence presented excluded every reasonable hypothesis of innocence. The evidence showed the defendant was in the area of the fire prior to its start and after it was started. The same type of accelerants used to start the fire were discovered in containers in defendant’s car and in the shop itself. Defendant’s testimony that he was not in the area prior to the start of the fire was refuted by the testimony of the officers. , Defendant was stopped one-half block from the scene of the fire. Defendant was in the area and had the ingredients necessary to start the fire in his possession. The jury heard and judged the state’s witnesses and found them to be credible. The question of credibility is within the sound discretion of the trier of fact. Such factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981) citing State v. Cobbs, 350 So.2d 168 (La.1977). In this instance the jury determined that the state’s witnesses were credible. There is nothing in the record to suggest that the jury’s determination of credibility in this case was contrary to the evidence, particularly in light of the Jackson standard of review. A rational trier of fact giving great weight to the testimony of the state’s witness could have found beyond a reasonable doubt that the defendant was guilty of simple arson causing damage less than five hundred dollars.
The defendant next argues ineffective assistance of counsel and excessiveness of the sentence. No specifications or assignments of error were made with respect to these issues. Under Court of Appeal Rule 1-3, these arguments need not be addressed. However in the interest of justice we will discuss them.
In order to prove ineffective assistance of counsel relator must meet the two part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s per *80 formance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Id., 466 U.S. at 687, 104 S.Ct. at 2064.
The defendant has not shown what portion of trial counsel’s performance was deficient nor how the alleged deficient performance prejudiced his defense. Defendant has not met either element of the two prong test of Strickland, supra. Therefore, defendant has not proven ineffective assistance of counsel and this assignment of error is without merit.
Defendant also contends that the sentence imposed was unjustified in light of defendant’s first felony offender status and prior record. Defendant contends the sentence was not the same that another defendant with a same or similar record would have received.
The trial court noted at sentencing that the crime posed a danger to the community and there was no undue financial hardship placed upon defendant by incarceration, however intensive incarceration was not recommended due to physical problems suffered by the defendant. The judge stated that defendant was eligible for a work release program.
Defendant’s first felony offender status was also noted at sentencing. First time offender status does not preclude a sentence of incarceration. State v. Johnson, 483 So.2d 230 (La.App. 3 Cir.1986). Further, defendant did receive a suspended sentence with a six months jail term as a condition of probation. Defendant also contends his sentence is not the same as those imposed upon other defendant’s with the same record. He cites no authority for this contention. It is well settled that a sentence is to be individualized as to each defendant and that even when dealing with codefendants with similar records there is no requirement that the sentences be the same.
In light of the circumstances, defendant’s sentence is not excessive. Therefore, this assignment of error is without merit.
A review of the record for errors patent reveals two with respect to the sentence imposed. The judge ordered the defendant to make restitution and to pay to the Indigent Defender Board a reasonable fee. When a trial judge suspends the execution of a sentence and places the defendant on probation he may order restitution. La.C.Cr.P. art. 895(A)(7). However, this article requires the judge to set the amount of restitution. Otherwise, the sentence is illegal. State v. Hardy, 432 So.2d 865 (La. 1983). The judge in the instant case did not state an amount of restitution to be paid by the defendant.
Further, La.C.Cr.P. art. 895.1 allows the judge to order an amount of money to be paid to the Indigent Defender program. In the instant case the judge did not order a specific amount of money, rather he ordered defendant to pay a reasonable fee. La.C.Cr.P. art. 879 requires imposition of a determinate sentence. Imposition of a “reasonable fee” does not constitute a determinate sentence.
Since the sentencing judge did not set specific amounts to be paid by the defendant in restitution or as reimbursement to the Indigent Defender program, the sentence is illegal in these respects.
For the foregoing reasons the defendant’s conviction is affirmed. The sentence is vacated and the case is remanded to the trial court for correction of the sentence in accordance with law.
AFFIRMED IN PART AND REMANDED.