677 So.2d 692 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Terry WILLIAMS, Defendant-Appellant.
No. 96-37.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1996.
*693 Jimmy Dale Long Jr., Natchitoches, Michael Henry, Dist. Atty., for State of Louisiana.
Bridgett Brown, Alexandria, for Terry J. Williams.
Before SAUNDERS, AMY and GREMILLION, JJ.
GREMILLION, Judge.
On November 2, 1994, an undercover agent purchased five rocks of crack cocaine from defendant, Terry Williams, for $50.00. On February 3, 1995, defendant appeared in open court for arraignment and entered a plea of not guilty to the charge of distribution of a controlled dangerous substance, schedule IIcocaine, in violation of La.R.S. 40:967. On July 11, 1995, defendant was tried on this charge and found guilty by the jury, in a unanimous verdict. On September 1, 1995, defendant filed a motion for new trial which was denied by the trial court after a hearing on September 15, 1995. After denying defendant's motion, the trial court sentenced defendant to twenty years at hard labor. On September 27, 1995, defendant filed a motion to reconsider the sentence which was denied by the trial court on October 6, 1995. Defendant now seeks review by this court alleging three assignments of error. *694 After reviewing the record, we vacate the defendant's sentence and remand for resentencing.

EXCESSIVE SENTENCE
Defendant asserts that the trial court erred by imposing a twenty year sentence which he claims is excessive and disproportionate to the severity of the crime. He also contends the trial court failed to properly consider the requirements of La.Code Crim.P. art. 894.1, and improperly considered irrelevant factors in imposing the excessive sentence.
Defendant was sentenced on September 15, 1995. The Louisiana Sentencing Guidelines were repealed by Act No. 942, Sec. 3, of the 1995 Legislative Session, effective August 15, 1995. New requirements for sentencing were added in La.Code Crim.P. art. 894.1. Paragraph A basically restates the three listed factors of old Article 894.1(A), requiring the sentencing court to impose a sentence if any of the factors are present. Paragraph B added thirty-three factors which could be considered by the sentencing court in its determination of whether to impose a suspension of sentence or probation. These factors are similar to those listed as aggravating and mitigating circumstances in § 209 of the Louisiana Sentencing Guidelines. Paragraph C requires the sentencing court to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." Paragraph D requires the sentencing court, after imposition of the sentence, to advise the offender in open court of the following: whether his sentence is subject to diminution for good behavior; whether the sentence was enhanced under any provision of law; the prospective release date of the offender should his sentence be subject to diminution for good behavior; whether the offender is eligible for parole; and the prospective parole eligibility date of the offender should he be eligible for parole. Paragraph E requires the Department of Public Safety and Corrections to furnish the sentencing judge with a report, including the listed information he is required to provide pursuant to Paragraph D, before he sentences the defendant for a felony. Paragraph F states that no sentence shall be declared unlawful or inadequate for the sentencing court's failure to comply with the provision of paragraph D. Thus, as a result of Paragraph F, this court need only review the sentence for constitutional excessiveness.
In his brief, defendant contends that the trial court did not consider any mitigating factors, and there was no evidence at trial or in the presentence investigation report suggesting that he was a major supplier or trafficker of cocaine in the Natchitoches area which would support the "patently excessive" sentence imposed. Defendant, citing La.R.S. 15:432, claims he is entitled to the statutory presumption that the informant's testimony would not have assisted the state's case because the only testimony supporting the notion that defendant ever distributed cocaine came from an unnamed person who was not subject to cross-examination. Defendant further argues the trial court should not have penalized him for charges that were ultimately dismissed or had not yet been fully adjudicated. Further, defendant contends the trial court did not consider his personal history.
In defendant's motion to reconsider sentence, he listed specific grounds for reconsidering his sentence: that he has no history of violence; that the type of sentence imposed is used in the most extreme cases; that defendant only had $50.00 worth of crack cocaine; and that the sentence is excessive. He does not list these grounds on appeal. Ordinarily, defendant's failure to raise the claims in a motion to reconsider sentence would preclude this court from reviewing such matters in accordance with State v. Mims, 619 So.2d 1059 (La.1993), appeal after remand, 626 So.2d 856 (La. App. 2 Cir.1993). However, since defendant raises these claims under excessiveness and the trial court's failure to properly consider the sentencing guidelines pursuant to La. Code Crim.P. art. 894.1, we will address them on appeal.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 *695 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice; or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the sentencing court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. If there is an adequate factual basis for the sentence contained in the record, the sentencing court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983); See also, State v. Smith, 433 So.2d 688 (La. 1983) and State v. Stein, 611 So.2d 800 (La. App. 3 Cir.1992). The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La. App. 3 Cir.1992). We find these cases are still applicable even though Art. 894.1 has gone through several major revisions. As stated in Cottingin:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. (citation omitted). In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. (citations omitted).
Cottingin, 476 So.2d at 1186.
La.R.S. 40:967(B) provides in pertinent part that whoever distributes a Schedule II controlled dangerous substance shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
In the case sub judice, defendant was sentenced to twenty years at hard labor, less than the maximum provided by law. In imposing the sentence the trial court gave the following reasons:
BY THE COURT:
The adult record, which is contained in the presentence investigation report, shows that Mr. Williams has several charges which were brought in California, some of which were brought into Court and some of which were not. The charge on August 4, 1998[1] in California said he was convicted of carrying a concealed weapon in a vehicle and he was given misdemeanor probation at that time. In June 17, 1998,[2] in Natchitoches parish, he was charged with armed robbery. He pled guilty to a theft of under one hundred dollars ($100.00), was sentenced to ... excuse me, theft over one hundred dollars ($100.00), he was sentenced to two (2) years hard labor and he satisfactorily completed probation after two (2) years. He pled guilty to a possession of marijuana charge in *696 Huntsbed (phonetic), Texas or somewhere, it might be Houston Police Department, I'm not sure, but it was April 11th, 1990. On August 13, 1990, at the U.S. Border Patrol Office in El Paso and Pecos, Texas, he was charged with possession of a firearm by a convicted felony and beating a federal agent. He pled guilty to a charge of assault on a federal agent and was sentenced to two (2) years supervised probation. He was discharged satisfactorily. There was a charge of January 1st ... January 6th, 1991, a charge in U.S. District Court in Pecos, Texas of fleeing from a police officer, careless and reckless driving and speeding. Those charges were dismissed. A charge of possession of a firearm by a convicted felon in Natchitoches Parish, Louisiana on January 16, 1991 and was dismissed in District Court. December the 10th, 1994, in Natchitoches Parish, he was charged with illegal carrying of a weapon, possession of a firearm at an alcoholic outlet and possession of a firearm without identification. All of those charges were pending. He was tried in Natchitoches Parish on a charge of distribution of a schedule II drug and he was found guilty by a jury on July 11, 1995, which is the instant offense for which he stands before the Court. The presentence investigation is rather thorough. It indicates that Mr. Williams was selling crack cocaine in the Natchitoches community on the date that he was arrested and charged having sold some crack cocaine to a police undercover agent. The Court finds that Mr. Williams is in need of incarceration and finds that granting him a suspended sentence would deprecate the seriousness of the offense. The Court finds that the Louisiana legislature and the federal Congress has deemed the drug trafficking as one of the most dangerous because of all of the social dangers involved in addition and the crimes which people commit in trying to satisfy their addictive habits. Mr. Williams chose to sell drugs in Natchitoches Parish and now he has to pay the price. Fortunately, the law enforcement people are aware of the dangers and they are very active in trying to stop the illegal drug trade in the Natchitoches area. Mr. Williams got caught.
(footnotes added).
Defendant contends the trial court did not consider a single mitigating factor. He argues that his felony history of a theft charge and an assault charge are inconsequential, while noting that his two other convictions were misdemeanors. Defendant finally points out that no mention was made of his personal history.
The trial court considered the information in the presentence investigation report and gave defendant the opportunity to traverse it. Other than contesting his portrayal as a major drug trafficker in Louisiana and California, neither defendant nor his counsel indicated a problem with the information contained in the report. Although defendant may not have been convicted for prior felony drug offenses, his prior felony convictions were relevant for classifying defendant as a third felony offender. These contentions lack merit.
Defendant claims there was no evidence at trial or in the presentence investigation report suggesting that he was a major supplier or trafficker of cocaine in the Natchitoches area which would support the sentence given. Defendant cites La.R.S. 15:432 in support of his contention that he is entitled to the statutory presumption that the informant's testimony would not have assisted the state's case, based on the fact that the only testimony supporting its claim that he distributed cocaine came from an unnamed person who was not subject to cross-examination.
During sentencing, after the defense counsel acknowledged receipt of the presentence investigation report, the trial judge asked defendant if there was anything in the report that he wished to traverse. Defense counsel responded that they wanted to know the source of the allegation that defendant was a major trafficker in Louisiana and California as this was defendant's first drug distribution offense. Neither defendant nor his counsel had a problem with "the other stuff, his arrest and all." The trial judge responded that the allegations were hearsay and that there was no proof at trial that would substantiate any allegation that defendant was a *697 major drug trafficker. The trial court stated that it did not pay attention to hearsay nor any reference in the report as to what people might think. As the trial judge indicated he was not considering this information, defendant's contentions lack merit.
Defendant further argues that the trial court should not have penalized him for charges that were ultimately dismissed or had not been fully adjudicated. Related to this, defendant contends the trial court improperly relied upon unproven and uncharged conduct, and it was unfair and inappropriate for the trial court to punish him for alleged acts which the state neither arrested defendant for nor attempted to prove.
In State v. Berry, 630 So.2d 1330, 1335 (La.App. 4 Cir.1993), the court stated, "[t]he Louisiana Supreme Court, held a trial court could consider unadjudicated criminal activity in sentencing." The court, citing State v. Bouie, 532 So.2d 791, 793 (La.App. 4 Cir.1988), further stated, "we reiterated that a trial court may consider both arrests and convictions in imposing sentence, provided the defendant `is given notice of the information and is afforded a chance to speak in mitigation.'" Berry, 630 So.2d at 1335. In Stein, 611 So.2d at 802, this court stated:
However, in selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all criminal activity.... The trial judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. (citation omitted).
In State v. Myles, 94-0217, p. 2 (La. 6/3/94); 638 So.2d 218, 219, the supreme court stated:
The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982). Because the scope of information available to the court for sentencing purposes is so broad, the defendant has a due process right to rebut prejudicially false or misleading information which may affect the sentencing determination. State v. Lockwood, 439 So.2d 394 (La.1983); State v. Parish, 429 So.2d 442 (La.1983); State v. Underwood, 353 So.2d 1013 (La.1978). The defendant also has the due process right to sentencing free of assumptions about his prior record which are materially untrue. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); cf., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
In this case, the trial court gave relator the opportunity to correct any information about his prior criminal record and relator replied at sentencing that he had no dispute with the contents of the presentence report. We find that the possibility the trial judge may have sentenced relator at least in part on the basis of arrest that led to an acquittal after trial, and thereby considered information which had no bearing on relator's potential for rehabilitation, is too remote to justify setting aside a sentence otherwise fully supported by the record. (citations omitted).
In Myles, the trial court had full disclosure of all of the circumstances ameliorating the seriousness of the defendant's prior record of arrests and convictions, including his acquittal on the previous armed robbery charge. The supreme court noted that to this extent the trial court did not labor under any false impressions about the defendant's record. The trial court was also fully acquainted with circumstances arguing for a lengthy term of imprisonment, including the seriousness of the charged offense, the existence of other pending felony charges, and the defendant's second offender status. The supreme court noted that the penalty of thirty-five years at hard labor was not an apparently severe sentence for even a first felony offender for armed robbery. Myles, 638 So.2d 218.
In the present case, defendant was sentenced to twenty years at hard labor. While noting for the record defendant's adult criminal history, the trial court became aware of defendant's status as a third felony *698 offender. As noted above in the trial court's reasons for the sentence, the trial court mentioned the disposition of offenses, whether they were convictions and satisfactorily completed, dismissed, or pending. Defendant argues that the charges pending at the time of the sentencing for the present drug offense were dismissed. The disposition of the pending charges subsequent to the sentencing of the present offense is irrelevant, because at the time of sentencing it was proper for the trial court to consider criminal activity not leading to convictions. See State v. Brown, 410 So.2d 1043 (La.1982). Adopting the supreme court's finding in Myles, we find that the possibility the trial court may have sentenced defendant, at least in part, on the basis of arrests that were later dismissed, and thereby considered information which had no bearing on defendant's potential for rehabilitation, is too remote to justify setting aside a sentence otherwise fully supported by the record. These contentions by defendant lack merit and are dismissed.
In further support of his argument, defendant relies upon State v. Wilson, 26,100 (La.App. 2 Cir. 5/4/94), 637 So.2d 582, contending that the impact of drugs on a particular community does not constitute a valid aggravating factor. In State v. Jones, 473 So.2d 66 (La.App. 3 Cir.1985), this court considered a sentence imposed after lengthy remarks by the trial court. The trial court assumed the defendant made drug sales in the Lake Charles area other than those for which he was charged. The trial court also considered the community's attitudes toward drug trafficking and stated, "the people of this state and particularly the people of this community are strongly opposed to drug sale and traffic." This court found that reference to community attitudes suggested a failure to individualize the sentence. The trial court also considered the ability of the defendant's father to assist in paying a thirty thousand dollar fine imposed along with a six month sentence of imprisonment. This court found consideration of these factors to be improper, and noted that it was not improper for a sentencing judge to take into account the public policy of the state as expressed in statutes and in legislative history. While the court could not fault the trial court in its concern for the effects of drug traffic on society, the essence of the decision was that a sentence must be individualized. Jones, 473 So.2d 66. We, therefore, remanded the case for resentencing.
The trial court in the present case, as in the above cited case, referred to the dangers of drug trafficking and its effect on society. These comments occurred before imposition of the sentence. While the trial court did consider the societal dangers and the law enforcement's awareness of the dangers of drug trafficking, it is clear the judge particularized the sentence to defendant by applying La.Code Crim.P. art. 894.1. This court has held it is not improper for the trial court to take into account larger sociological concerns in imposing a sentence as long as the sentence is particularized to the defendant. See State v. Hammond, 506 So.2d 1380 (La.App. 3 Cir.1987) and State v. Winfield, 597 So.2d 1222 (La.App. 3 Cir.1992). Thus, defendant's contention lacks merit.
Finally, the defendant compared the length of his sentence to sentences imposed on other defendants by this court and the other appellate courts of this state. It is well settled that a sentence is individualized as to each defendant and that even when dealing with co-defendants or other defendants with similar records there is no requirement that the sentences be the same. State v. Roy, 606 So.2d 77 (La.App. 3 Cir.1992), State v. Lemelle, 502 So.2d 130 (La.App. 3 Cir.1987). This claim is also dismissed for lack of merit.
Although the trial court did not inform defendant of any of the provisions under La.Code Crim.P. art 894.1(D), the sentence should not be declared unlawful or inadequate for such failure. See La.Code Crim.P. art. 894.1(F). The trial judge stated for the record the considerations taken into account and the factual basis for imposition of the sentence. While it is recognized that the sentence is lengthy, the trial judge did not abuse his discretion in imposing a sentence of twenty years at hard labor. Defendant had two prior felony convictions, one in Texas for assault on a federal agent and another in Louisiana for theft over $100. Defendant also pled guilty to possession of marijuana in *699 Texas. We find that the sentence imposed is adequately particularized to this particular defendant in light of his particular crime. It does not shock our sense of justice; it is commensurate with, rather than grossly disproportionate to, the severity of defendant's offense; it makes a measurable contribution to acceptable penal goals; and it is not a purposeless and needless imposition of pain and suffering. For these reasons, we find this assignment of error without merit.

DENIAL OF MOTIONS AND OBJECTIONS
By this assignment, defendant argues the trial court erred in denying all of his pre-trial and post-trial motions and objections. However, this assignment of error was neither briefed nor argued; therefore, we find this assignment of error is abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, we review all appeals for errors patent on the face of the record.
After reviewing the record, we find two errors patent. The first error patent involves whether there was proper delay in sentencing defendant. Defendant also claims as an assignment of error that the trial court failed to observe the twenty-four hour sentencing delay provided in La.Code Crim.P. art. 873. Defendant argues this assignment of error in his brief, but it was not formally specified as an error in the trial court in accordance with Uniform Rules Courts of Appeal, Rule 1-3 and La.Code Crim.P. art. 920(1). However, we will address this error as it is an error patent.
In State v. Dauzat, 590 So.2d 768, 775 (La.App. 3 Cir.1991), writ denied, 598 So.2d 355 (La.1992), this court stated:
La.C.Cr.P. art. 873 requires that there be a 24 hour delay between the denial for a motion for a new trial and the imposition of sentence. Generally, this error, while patent, is not reversible unless the defendant is prejudiced by the lack of a sentencing delay. State v. Gaspard, 441 So.2d 812, 813 (La.App. 3d Cir.1983), citing State v. White, 404 So.2d 1202 (La.1981). However, the Louisiana Supreme Court's most recent pronouncement on this issue has required a strict application of Article 873, particularly where the defendant challenges the penalty imposed. State v. Augustine, 555 So.2d 1331 (La.1990). Because defendant's counsel did not argue the motion for new trial, it is difficult to find any prejudice to the defendant in the trial court's failure to observe the sentencing delay in Article 873. However, as defendant is challenging the penalty imposed, we find Augustine mandates a remand.
In the present case, defendant filed a motion for new trial which was denied by the trial court after a hearing on September 15, 1995. Immediately after denying defendant's motion, the trial court proceeded with the sentencing and sentenced defendant to twenty years at hard labor. Since defendant challenges the sentence on appeal, this error is not harmless. In State v. Augustine, 555 So.2d 1331, 1334 (La.1990), the court held that "[a] sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration. Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive." Thus, we find the trial court erred by not observing the delay. The sentence should be vacated and the case remanded to the trial court for resentencing.
The second error patent concerns whether defendant was given notice of the three year prescriptive period in which to file for post-conviction relief. La.Code Crim.P. art. 930.8. *700 Although the record shows the court did not inform the defendant of the prescriptive period, this error patent is moot because the sentence is being vacated and remanded due to the trial court's failure to observe the delay in sentencing.

CONCLUSION
For the foregoing reasons, we find that the trial court did not observe the twenty-four hour delay in sentencing required by La. Code Crim.P. art. 873. Thus, the defendant's sentence is vacated and the case remanded to the trial court for resentencing.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] August 4, 1988 is the actual date of conviction.
[2] Should be June 17, 1988.