# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-839

**STATE OF LOUISIANA**

**VERSUS**

**PAUL D. MASSEY**

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,342
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,[*] Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney**
**Clifford R. Strider, III**
**Assistant District Attorney**
**Post Office Box 1557**
**Many, Louisiana 71449**
**(318) 256-6246**
**Counsel for:**
 **State of Louisiana**

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, Louisiana 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
 **Paul D. Massey**

---

[*]Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**SULLIVAN, Judge.**

Defendant appeals his sentences for attempted molestation of a juvenile and indecent behavior with juvenile. We affirm.

*Facts*

Paul D. Massey was convicted by a jury of attempted molestation of a juvenile, a violation of La.R.S. 14:81.2(C) and La.R.S. 14:27, and indecent behavior with juveniles, a violation of La.R.S. 14:81. In *State v. Massey*, an unpublished opinion bearing docket number 07-797 (La.App. 3 Cir. 1/30/08), this court affirmed Defendant's convictions. However, his sentences were vacated, and the matter was remanded to the trial court for resentencing because the trial court failed to observe the twenty-four-hour delay between the denial of Defendant's motion in arrest of judgment and sentencing and did not obtain a waiver of the twenty-four-hour delay, as required by La.Code Crim.P. art. 873.

On remand, the trial court resentenced Defendant to six years at hard labor on each count to run consecutively. Defendant filed a Motion to Reconsider Sentence, which was denied, then filed this appeal. He now contends that his sentences are excessive.

The following facts were set forth in *Massey*, 07-797:

> The criminal charges against the defendant arise from activity which is alleged to have occurred on two separate occasions at Pleasure Point State Park on Toledo Bend Lake in Sabine Parish, Louisiana. The first count arose from allegations that the defendant molested R.C.J.[1] on or about August 12 through August 14, 1993. The second count arises from allegations that approximately one year later (on or about August 7 through August 9, 1994) the defendant again molested R.C.J. The final count charges that during the same time period of the second count,

_____

[1]The initial of the victims are being used in accordance with La.R.S. 46:1844(W).

the defendant molested R.C.J.'s sister, M.W.J. During all of 1993 and 1994, both R.C.J. and M.W.J. were juveniles.[2]

With regard to the second and third count of the indictment,[3] R.C.J. testified that on August 7, 1994, he and a friend accompanied the defendant to Pleasure Point State Park for a weekend excursion, and that they were later joined by M.W.J. and Debbie Massey, the defendant's wife. According to R.C.J., while the group was swimming, the defendant grabbed him around the waist, pulled him close, and ran his hands down his pants, fondling R.C.J.'s penis and testicles in the process. R.C.J. testified that when the defendant then took his (R.C.J.'s) hand and placed it in the defendant's pants, he (R.C.J.) became aware that the defendant had an erection. R.C.J. testified that the defendant repeated his actions the next day.

According to R.C.J., the 1993 and 1994 incidents were not the first time the defendant had acted inappropriately toward him. He testified that in 1994, as he assisted the defendant in repairing his boat, the defendant had fondled him.

M.W.J.'s testimony was similar to that of her brother. She testified that while swimming with the group on the August 1994 weekend, the defendant came up behind her, reached into her bathing suit, fondled her vagina, and attempted to place his fingers into her vagina. She further testified that later that evening she encountered the defendant emerging from the restroom area wearing a shirt and towel. According to M.W.J., the defendant removed his towel, thereby exposing his penis. He then asked her to tell him how big his penis was and what it looked like, and asked her to touch it.

As was the case with her brother, M.W.J. testified that the defendant had acted inappropriately with her on other occasions. She testified that on a visit to the defendant's residence in 1990, he unbuttoned her dress, fondled her breasts, slipped his hand inside her panties, and fondled her vagina. She also recalled a 1994 canoe trip when the defendant fondled her breasts.

The state also presented the testimony of two other individuals who asserted that the defendant had acted inappropriately with them when they were children. K.D. recalled that on the same canoe trip testified to by M.W.J., the defendant placed his hand between her legs

---

[2]The record establishes that R.C.J. was born on February 7, 1983, and M.W.J. was born on July 2, 1984.

[3]Because of the jury verdict concerning the first count and the trial court's subsequent grant of a mistrial, we find it unnecessary to discuss the evidence presented with regard to the first count.

over her bathing suit and jerked and wiggled his fingers.[4] Additionally, D.F. testified that in 1983 the defendant unbuttoned her shorts and rubbed her "where you're not supposed to touch children."[5]

The defendant testified at his trial and denied any inappropriate behavior with either of the alleged victims or with any other child. He acknowledged that he probably had grabbed the boys around the waist and thrown them into the air while they swam, and that he may have rubbed them with sun block, but denied ever having touch[ed] their genitalia.

The defendant's wife supported his version of the weekend events and testified that at no time did either R.C.J. or M.W.J. go to the restroom alone. Additionally, she testified that at no time did she see her husband walking around with only a towel from the waist down.

At the time of the commission of the offenses, the penalty for attempted molestation of a juvenile was imprisonment with or without hard labor for not more than seven and one-half years and the penalty for indecent behavior with juveniles was imprisonment with or without hard labor for not more than seven years. La.R.S. 14:81.2; La.R.S. 14:27; La.R.S. 14:81. Defendant urges that his two six-year sentences, which were ordered to be served at hard labor on each count and to run consecutively, are excessive.

A sentence is unconstitutionally excessive if it is so grossly disproportionate to the severity of the offense that it shocks one's sense of justice or amounts to no more than a purposeless and needless infliction of pain and suffering. *State v. Day*, 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74. A sentence that is within the statutory limits may only be set aside if there has been a manifest abuse of discretion by the sentencing judge. *State v. Willis*, 36,198 (La.App. 2 Cir. 8/14/02), 823 So.2d 1072, *writ denied*, 03-919 (La. 4/8/04), 870 So.2d 262. "On appellate review of sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion." *State v. Walker*, 00-3200, p. 2 (La. 10/12/01), 799 So.2d 461, 462.

---

[4]At the time of the canoe trip, K.D. was eleven years old.

[5]D.F. was seven years old at the time of the incident.

3

Louisiana Code of Criminal Procedure Article 883 states in relevant part: "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently *unless the court expressly directs that some or all be served consecutively.*" (Emphasis added.) The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49.

Where the trial court does impose consecutive penalties, it "must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1[.]" *State v. Merritt*, 03-946, p. 28 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, 97, [*rev'd on other grounds*, 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283,] (*quoting State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040, *writ denied*, 03-1917(La. 6/25/04), 876 So.2d 823).

*State v. Vollm*, 04-837, pp. 5-6 (La.App. 3 Cir. 11/10/04), 887 So.2d 664, 668-69.

Defendant observes that maximum sentences are reserved for the most egregious offenders and asserts that: 1) because his sentences were at the higher end of the sentencing ranges, they are excessive; 2) the trial court imposed long sentences because it felt he had not expressed remorse; 3) the trial court failed to consider his age, lack of a prior record, and the affect the sentences had on his wife and family; 4) the imposition of consecutive sentences violated La.Code Crim.P. art. 883 because the offenses, which occurred at the same location and during the same time period, arose out of the same act or transaction or constituted parts of a common scheme or plan; and 5) the trial court failed to give particular justification for the consecutive sentences.

Defendant's claim that his lack of remorse should not have been considered by the trial court lacks merit, as "[a] defendant's lack of remorse is a proper sentencing consideration." *State v. Cloward*, 42,123, p. 5 (La.App. 2 Cir. 6/20/07), 960 So.2d

4

356, 360; *see also State v. Gibson*, 97-108 (La.App. 3 Cir. 4/30/97), 693 So.2d 286.

Additionally, Defendant did not allege in his Motion to Reconsider Sentence that the trial court failed to consider the affect his sentences would have on his wife and family; therefore, that issue is not properly before this court for consideration. La.Code Crim.P. art. 881.1(E).

In *State v. Whatley*, 03-1275, p. 6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 959 this court reviewed cases in which maximum or near-maximum sentences had been imposed on defendants convicted of indecent behavior with juveniles and observed:

> The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a "lewd or lascivious act" upon, or in the presence of the child. La.R.S. 14:81. . . . Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. [*State v. Farhood*, 02-490 (La.App. 5 Cir. 3/25/03), 844 So.2d 217].

We have considered the facts of this case in light of the jurisprudence on this issue and find that the trial court did not abuse its discretion when it sentenced Defendant. Defendant was a minister who used his position to prey on R.C.J., M.W.J., and other children; R.C.J. and M.W.J. were under his supervision and control when he committed the offenses; and they testified that he committed similar offenses on them on more that one occasion. Furthermore, two other witnesses testified that Defendant perpetrated similar acts on them when they were juveniles, and the evidence established that Defendant had been perpetrating similar offenses on children for twenty years.

Defendant next contends that he should have received concurrent, rather than consecutive sentences because his convictions arose out of the same course of

5

conduct. Pursuant to La.Code Crim.P. art. 883, concurrent sentences are preferred when the offenses arise out of a common scheme or plan, particularly if the offender is a first-time offender. *State v. Thibodeaux*, 05-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65. However, consecutive sentences are not prohibited; rather, the trial court must specifically justify its imposition of consecutive sentences.

In *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La. 3/23/01), 787 So.2d 1010 (citations omitted), the court identified several factors a trial court should consider when imposing a consecutive sentence:

> [T]he defendant's criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the defendant's apparent disregard for the property of others; the potential for the defendant's rehabilitation; and whether the defendant has received a benefit from a plea bargain.

The trial court made the following observations while sentencing Defendant:

> The challenge that the Court faces in this sentencing is that the Defendant has steadfastly maintained he's [not] done anything inappropriate with any children. He was a respected member of his community as a minister of the Baptist faith. He has not acknowledge[d] wrongdoing and consequently has shown no remorse. These charges are very serious by the very nature but also because of the trust Paul Massey has violated not only with these victims and their families but also his family and community. . . . The Court was and is convinced beyond a reasonable doubt that the victims' testimony is truthful and accurate and that Paul Massey fondled these victims to arouse his sexual desires. And that he used his position of control or supervision to accomplish these acts. The harm done to these victims is immeasurable. And that harm is compounded by feeling that they did something wrong. . . . I've reviewed the sentencing guidelines and note the following, Paul Massey intentionally preyed upon young vulnerable children. Paul Massey used his position as a Preacher to facilitate these offenses. Paul Massey has engaged in this behavior for approximately twenty years. . . .

Contrary to Defendant's claims, the trial court did explain why he ordered Defendant's sentences to run consecutively, stating that it saw "no justification for having these sentences run concurrently. They are two distinct victims, two distinct events, even though they both took place during the same weekend camping trip." We find no error with the trial court's reasoning and conclusion that the crimes perpetrated on R.C.J. and M.W.J. were separate acts, which were not part of a single transaction and did not constitute a common scheme. Furthermore, we find no error the trial court's order that Defendant's sentences run consecutive to each other, even though Defendant is a first offender.

### *Disposition*

Defendant's sentences are affirmed.

**AFFIRMED.**