STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-877

STATE OF LOUISIANA

VERSUS

TERRELL STIPE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 18223-06 AND 18225-06
HONORABLE ALVIN TURNER, JR., DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Ricky L. Babin
District Attorney
Donald D. Candell
Assistant District Attorney
Post Office Drawer 1899
Gonzales, LA 70707
(225) 644-3333
COUNSEL FOR APPELLEE:
    State of Louisiana

Margaret S. Sollars
Louisiana Appellate Project
513 Country Club Boulevard
Thibodaux, LA 70301-3711
(985) 446-2618
COUNSEL FOR DEFENDANT/APPELLANT:
    Terrell Stipe

**William J. Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA   71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**     Terrell Stipe**

AMY, Judge.

The trial court convicted the defendant of one charge of carjacking and one charge of armed robbery with the use of a firearm. For the armed robbery charge, and upon remand from this court, the defendant was sentenced to forty-five years at hard labor without benefit of probation, parole, or suspension of sentence with a five-year enhancement for the use of a firearm, to be served without hard labor and without benefit of probation, parole, or suspension of sentence. The five-year enhancement was ordered to be served consecutively to the previous sentence. Both were ordered to be served consecutively to a life sentence imposed for a previous conviction. The defendant now appeals this sentence. For the following reasons, we affirm and order an amendment of the sentencing minutes.

**Factual and Procedural Background**

The defendant, Terrell Stipe, was charged in Ascension Parish with one count of carjacking, a violation of La.R.S. 14:64.2, and one count of armed robbery and armed robbery with the use of a firearm, violations of La.R.S. 14:64 and 14:64.3. The alleged offenses involved an incident which occurred on November 10, 2005 at a Circle K gas station in Gonzales, Louisiana. After the defendant moved for a change of venue, the case was transferred to Calcasieu Parish.

On November 30, 2006, after several days of testimony, the trial court found the defendant guilty of armed robbery and carjacking and ordered a pre-sentence investigation. The trial court initially sentenced the defendant to fifty years at hard labor without benefit of probation, parole, or suspension of sentence on the armed robbery charge and ten years at hard labor without benefit of probation, parole, or suspension of sentence on the carjacking charge. It ordered that those sentences were

to run concurrently with each other and with a prior attempted second degree kidnapping sentence from Calcasieu Parish.[1]

On appeal, this court affirmed the convictions and the sentence for the carjacking charge, but vacated the sentence for the armed robbery charge and remanded to the trial court for re-sentencing with instructions to clearly set forth the part of the sentence enhanced under La.R.S. 14:64.3 and the portion of the sentence not to be served at hard labor. *See State v. Stipe*, 09-839 (La.App. 3 Cir. 2/3/10), 30 So.3d 387.

At the re-sentencing hearing, the defendant made a motion to recuse the trial judge, which was denied as untimely. The trial court then resentenced the defendant to forty-five years at hard labor without the benefit of probation, parole, or suspension of sentence for the armed robbery charge and a five-year enhancement for the armed robbery with use of a firearm charge. The trial court ordered that the five-year enhancement be without hard labor. The trial court further ordered that the five-year enhancement run consecutively to the forty-five-year sentence for the armed robbery charge and that both sentences run consecutively to a life sentence imposed in St. James Parish.

Immediately after re-sentencing, the defendant made a motion for reconsideration, arguing that the sentence was inappropriate, overly harsh, and unconstitutionally burdensome. The defendant also argued that the trial court failed

---

[1] The defendant was charged in three cases for incidents occurring in St. James and Ascension Parishes.

The record reveals that, in addition to this case, the defendant was convicted of attempted second degree kidnapping for charges arising out of an incident at Dutchtown High School. That case was also assigned to the trial judge in this case. The case was transferred from Ascension Parish to Calcasieu Parish.

Further, the defendant was charged in St. James Parish for the murder of Keelan Irvin. The defendant was sentenced to life in prison on that charge subsequently to his conviction in this case.

2

to articulate the factors considered in connection with the imposition of sentence. The trial court denied the motion for reconsideration.

The defendant appeals, challenging his sentence as unconstitutionally excessive because the trial court failed to articulate particularized reasons for imposing a fifty-year sentence for the armed robbery charge and the firearm enhancement. Further, the defendant contends that the sentence is unconstitutionally excessive because it was imposed consecutively to a life sentence imposed in an unrelated case.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that the sentencing minutes require correction.

The transcript of the re-sentencing hearing held on April 1, 2010 reflects that the trial court modified the five-year enhancement to be served without hard labor. However, the court minutes of the re-sentencing hearing state, in pertinent part, that "the Court sentences the defendant to serve five (5) years in the custody of the Louisiana Department of Corrections, without benefit of probation, parole or suspension of sentence. . . . " In instances where the minutes and the transcript differ, the transcript must prevail. *State v. Kimbrough*, 09-1564 (La.App. 3 Cir. 6/2/10), 38 So.3d 1258. Accordingly, the trial court is directed to correct the court minutes of the sentencing hearing to reflect the sentence as imposed by the court.

3

*Failure to Consider Sentencing Factors*

The defendant alleges that the trial court failed to articulate reasons for imposing a forty-five-year sentence for armed robbery with a five-year enhancement for use of a firearm. Louisiana Code of Criminal Procedure Article 894.1 contains a list of sentencing guidelines, which assists a sentencing court in particularizing a sentence for a particular defendant and assists a reviewing court in determining whether a sentence is excessive by providing an indication of whether the sentencing court has adequately considered the statutory guidelines. *State v. Cottingen*, 476 So.2d 1184 (La.App. 3 Cir. 1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir. 1986). The sentencing court is required to state for the record the factors considered in imposing a sentence. La.Code Crim.P. art. 894.1(C). However, there is no requirement that a sentencing court read through a checklist of factors nor articulate every circumstance in order to comply with the requirements of La.Code Crim.P. art. 894.1(C). *State v. Williams*, 96-37 (La.App. 3 Cir. 6/26/96), 677 So.2d 692. Further, a reviewing court need not remand the case for re-sentencing if an adequate factual basis is found in the record. *Id.*

The record reveals that the trial court originally rendered the following reasons for sentencing, parts of which were reiterated at the re-sentencing hearing:

> This is the case of a thirty-two (32) year old male officially classified as a second felony offender who, on November 30, 2006[,] was found guilty of Carjacking, Aggravated Kidnapping and Armed Robbery with a Firearm after a bench trial conducted by this court. Sentencing was deferred and a Pre-Sentence Investigation Report was ordered and is filed herein and has been made available to the defendant and his counsel and is attached hereto and made a part of hereof by reference.[2]

---

[2] The pre-sentence investigation revealed that, as noted above, the defendant had been arrested on charges of first degree murder, aggravated kidnapping and armed robbery in St. James Parish in 2006. The sentencing transcript and the re-sentencing transcript reflect that the defendant

The record reflects that the Aggravated Kidnapping was not obtained by Grand Jury Indictment. Thus, the court herein vacates that conviction.

The record reflects that on November 10, 2005, at approximately 2216 hours, officers were dispatched to the Circle K on Airline Highway in Gonzales, Louisiana in reference to an Armed Robbery. Prior to arrival, dispatch was advised that the victim, Lakeith Mitchell, was on Airline Highway in the Parish and that a deputy was bringing him back to the Circle K. Mr. Mitchell was transported to the Gonzales Police Department where he wrote a voluntary statement as to what happened.

. . . .

The Department of Probation and Parole recommends Mr. Stipe be sentenced to the Department of Corrections for a period of ninety-nine (99) years at hard labor with credit for time served for the offense of Armed Robbery. The recommendation fails to state that a sentence for this offense shall be without the benefit of parole, probation or suspension of sentence.

. . . .

The Probation Officer preparing the Pre-sentence Investigation Report contacted Investigator Billy Clark of the 23rd Judicial District Attorney's Office who recommended Mr. Stipe be sentenced to the maximum incarceration for this offense. Warden Bobby Webre of the Ascension Parish Sheriff's Office stated Mr. Stipe should be sentenced to the maximum penalty for this offense.

Afterward, the defendant moved for reconsideration, in part arguing that the trial court had not articulated any reasons for its sentence. In denying the defendant's motion for reconsideration, the trial court stated:

What I did was looked at the facts of this particular case —and everyone realizes here it was a bench trial. I listened to the testimony in this, and I based this sentence upon the facts of that particular case as I found them, of this particular case, and the fact that he is a second felony—considered to be a second felony offender.

---

was convicted on those charges after the original sentencing hearing but prior to the resentencing hearing. The pre-sentence investigation also revealed that the defendant had been arrested for several offenses after 1997 including attempted second degree kidnapping, remaining after forbidden, speeding, driving without a license, driving while suspended and multiple fugitive holds.

But I could have imposed the maximum but you're right, that would not have been right, because he's not the type of person based on what I am aware of so far as the two trials that I participated in that deserved the maximum sentences for the offenses.

I did not impose the maximum in these instances.

The trial court noted that it had rejected the recommendations of the Department of Probation and Parole, the sheriff's department, and the district attorney that he impose the maximum sentence of ninety-nine years for the armed robbery count.

Further, after re-sentencing, the defendant again moved for reconsideration, arguing, in part, that the trial court had failed to articulate reasons for sentencing. The trial court reiterated that it had considered the sentencing guidelines when imposing the defendant's sentence and that it was "of the opinion that the sentence does fit the crimes for which the defendant was found guilty."

The defendant asserts, in his brief to this court, that "it is impossible to determine from the record what justification the Court used to impose its sentences." (Footnote omitted.) However, the sentencing court explicitly stated in ruling on the reconsideration motion that it had considered the sentencing factors. Further, although the sentencing court did not articulate each and every factor considered—nor was it required to—it noted that the defendant was a thirty-three-year-old second felony offender. The sentencing court was privy to a pre-sentence investigation, which it previously filed into the record. We note that the trial court was unable to take into consideration the defendant's personal history because the defendant refused to provide any personal information for the pre-sentence report. Tellingly, the sentencing judge was the fact-finder in this case and presided over the defendant's attempted second degree kidnapping case. Finally, the sentencing judge did not impose the maximum sentence in this case, but imposed a mid-range sentence

6

which it ordered to run concurrently with the ten-year sentence imposed in the carjacking charge[3] and consecutive to the life sentence imposed in the St. James Parish matter.

After review of the record, including transcripts from both sentencing and re-sentencing hearings, we find that the sentencing court did adequately consider the sentencing guidelines and that an adequate factual basis therefor is found in the record. Therefore, this assignment of error is without merit.

*Consecutive Sentences*

The defendant also asserts that the trial court erred in imposing an unconstitutionally excessive sentence. He bases his argument on two prongs. First, he argues that the offenses were essentially part of a common scheme or plan because they "evidently occurred within a relatively short period of time" and that, under La.Code Crim.P. art. 883, the trial court erred in not giving specific reasons for ordering the sentences to run consecutively. Second, he argues that because the sentence is imposed consecutively to a life sentence, that there is no chance of the defendant's release during his natural life even if his life sentence was commuted. The defendant argues that such a sentence is nonsensical, makes no contribution to the acceptable goals of punishment, and constitutes the purposeless and needless imposition of pain and suffering prohibited by Article 1, Section 20 of the Louisiana

---

[3] At re-sentencing, the trial court did not specifically address whether the armed robbery sentence was to run concurrently with the previously imposed carjacking sentence. Additionally, when the sentence was initially imposed, the trial court ordered that the armed robbery and carjacking sentences were to run concurrently with the sentence in a prior attempted second degree kidnapping case. The trial court did not address at re-sentencing whether the armed robbery sentence was to run concurrently or consecutively to that sentence.

However, offenses arising from the "same act or transaction," are to be served concurrently unless the trial court expressly directs otherwise. La.Code Crim.P. art. 883. Therefore, since the carjacking and armed robbery charges arose from the same act or transaction, and the trial court did not direct otherwise, they are presumed to run concurrently.

Constitution.

The defendant was convicted of armed robbery with the use of a firearm enhancement, a violation of La.R.S. 14:64 and La.R.S. 14:64.3. A conviction of armed robbery is punishable by imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64(B). Further, La.R.S. 14:64.3(A), as applicable in this case,[4] provides that, upon conviction of armed robbery with use of a firearm, "the offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence." The additional penalty shall be served consecutively to the armed robbery sentence. *Id.*

Generally, sentences for offenses arising from the "same act or transaction, or constituting parts of a common scheme or plan" are to be served concurrently unless the sentencing court directs that they are to be served consecutively. La.Code Crim.P. art. 883. However, sentences for offenses not arising from the same act or a common scheme or plan are to be served consecutively, unless the trial court expressly directs that they are to be served concurrently. *Id.*

In *State v. Massey*, 08-839 (La.App. 3 Cir. 12/10/08), 999 So.2d 343, a panel of this court upheld the trial court's imposition of consecutive sentences for indecent behavior with a juvenile and attempted molestation of a juvenile. This court rejected the defendant's argument that the offenses were part of a common transaction or common scheme or plan because the offenses occurred within a relatively short period of time. This court quoted the trial court, which found that there were "'two distinct victims, two distinct events, even though they both took place during the

---

[4] This statute was amended after the commission of the instant offense to require that the term of imprisonment be at hard labor.

8

same weekend camping trip[,]'" and therefore, there was "'no justification for having these sentences run concurrently.'" *Massey*, 999 So.2d at 349. *See also State v. Hymes*, 04-320 (La.App. 5 Cir. 10/12/04), 886 So.2d 1157, *writ denied*, 04-3102 (La. 4/1/05), 897 So.2d 599.

In this case, the defendant points to no evidence in the record to support his claim that these offenses were part of a common scheme or plan, other than a bare assertion that the offenses occurred within a "relatively short period of time." A review of the record reveals that the victim in the St. James Parish case was Keelan Irvin. The victim in the instant case was Lakeith Mitchell. The offenses in the former case occurred in St. James Parish and were tried there; the offense in the instant case occurred in Ascension Parish and was tried in Calcasieu Parish. The defendant was arrested in the instant case in December 2005 and was not arrested in the St. James Parish matter until August 2006. A review of the record shows that the two cases involved different victims, occurred on different dates, occurred in different parishes, and were tried separately.

The record does not support a conclusion that the offenses were part of the same act or transaction or that they were part of common scheme or plan. Therefore, the trial court was not required to articulate reasons for imposing consecutive sentences. We find that the trial court did not abuse its discretion in ordering the sentence in this matter to be served consecutively to the sentence in the St. James Parish case and we have concluded that the defendant's first assignment in this regard is without merit.

In *State v. Granger*, 08-1480, pp. 3-4 (La.App. 3 Cir. 6/3/09), 11 So.3d 658, 660-61, quoting *State v. Barling*, 00-1241, 00-1591, (La.App. 3 Cir. 1/31/01), 779

9

So.2d 1035, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331, a panel of this court stated, with regard to excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

However, a sentence that falls within the statutory limits may be excessive given the circumstances. *Williams*, 677 So.2d 692.

The Louisiana Supreme Court has long held that imprisonment itself is not necessarily cruel and unusual, even if the term of imprisonment is lengthy or if the sentences are imposed consecutively. *See State v. Donahue*, 408 So.2d 1262 (La.1982). Further, courts have upheld consecutive sentences that result in terms of imprisonment for longer than a defendant's natural life. In *State v. Wood*, 08-1511 (La.App. 3 Cir. 6/3/09), 11 So.3d 701, a panel of this court held that three consecutive, mandatory life sentences for second-degree murder arising from the same incident were not unconstitutionally excessive.

Also, in *Hymes*, 886 So.2d 1157, a panel of the fifth circuit upheld a total sentence of 138 years for multiple counts of armed robbery. In finding that the defendant's sentences were appropriate because of the separate and distinct nature of the acts, the fifth circuit quoted the trial court's reasons for denying the defendant's

10

motion for reconsideration, stating "'[e]ach sentence for each crime was the appropriate sentence for that crime; Mr. Hymes just happened to commit a large number of them.'" *Id.* at 1164.

In the instant case, the defendant was sentenced to a midrange penalty for armed robbery, with a mandatory five-year enhancement for use of a firearm. The trial court ordered that the sentence for armed robbery run concurrently with the sentence for carjacking, but that it run consecutively to a sentence imposed in St. James Parish. Although the sentence will likely result in a term of imprisonment which is longer than the defendant's natural life, we find that the sentence for each charge is appropriate in light of the defendant's criminal history and the violent nature of the crime. Therefore, we find that the trial court did not abuse its discretion in imposing sentence. This assignment of error lacks merit.

## DECREE

For the foregoing reasons, we affirm the defendant's sentence. The trial court is directed to correct the sentencing minutes to reflect that the defendant's five-year sentence for the use of a firearm enhancement is to be served without hard labor.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**