NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-862

STATE OF LOUISIANA

VERSUS

KRISTYN PAIGE HOFFPAUIR

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 79,567
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters and
Marc T. Amy, Judges.

AFFIRMED.

Edward John Marquet
Attorney at Law
P. O. Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT /APPELLANT:
     Kristyn Paige Hoffpauir

Asa Allen Skinner
District Attorney
Thirtieth Judicial District
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
     State of Louisiana

Terry Wayne Lambright
Attorney at Law
118 South Third Street, Suite A
Leesville, LA 71446
(337) 239-6557
COUNSEL FOR APPELLEE:
     State of Louisiana

**PETERS, J.**

On July 21, 2010, a grand jury indicted the defendant, Kristyn Paige Hoffpauir, with second degree murder, a violation of La.R.S. 14:30.1, and conspiracy to commit second degree murder, a violation of La.R.S. 14:26 and La.R.S. 14:30.1. Pursuant to a plea agreement, on June 6, 2011, the State of Louisiana (state) reduced the second degree murder charge to the responsive charge of manslaughter, a violation of R.S. 14:31, and dismissed the conspiracy to commit second degree murder charge. It also filed a bill of information under a separate docket number charging the defendant with obstruction of justice, a violation of La.R.S. 14:130.1, and conspiracy to commit manslaughter, a violation of La.R.S. 14:26 and La.R.S. 14:31. In exchange for this action by the state, the defendant entered a plea of guilty to the three remaining charges, and agreed to assist in the prosecution of her codefendant, Justin Sizemore.

At the June 6, 2012 sentencing hearing, the trial court sentenced the defendant to serve thirty years at hard labor on the manslaughter conviction, twenty years at hard labor on the conspiracy to commit manslaughter charge, and twenty-five years at hard labor on the obstruction of justice charge. The trial court ordered that the thirty and twenty-year sentences run concurrently, and that the twenty-five year sentence run consecutive to the other two sentences. In her motion to reconsider the sentences imposed, the defendant asserted only that sentences were excessive and improper. After the trial court rejected her reconsideration motion, the defendant perfected this appeal asserting that the trial court erred in imposing the twenty-five year sentence to run consecutive to the thirty-year sentence imposed for the manslaughter conviction because the trial court failed to provide "the required 'particular justification'" for the consecutive

nature of the sentence.[1]  For the following reasons, we affirm the sentences at issue in this appeal in all respects.

The factual basis giving rise to these criminal charges was set forth by the state at the plea hearing and further established by other evidence in the record. There is no dispute concerning these facts.  On June 14, 2010, the defendant and Justin Sizemore drove to Vernon Parish to pick up Christopher Hoffpauir, the defendant's husband from whom she was separated.  The defendant and Sizemore lured Hoffpauir to a preplanned remote location in Vernon Parish, Louisiana, were they killed him.  They then hid and destroyed evidence that would have reasonably proved relevant elements of the three offenses to which the defendant pled.   The apparent motivation for this planned action by the defendant and Sizemore was the existence of a $400,000.00 insurance policy insuring the victim's life and naming the defendant as beneficiary.

### Errors Patent

Pursuant to La.Code Crim.P. art. 920(2), we are required to consider any "error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."  We find no such error in this matter.

### Assignment of Error

The defendant's motion to reconsider her sentences asserted only that her sentences were "excessive and improper."  On appeal, she asserts only that the total fifty-five year sentence is excessive because the trial court failed to provide justification for imposing consecutive sentences.

---

[1] The defendant filed a separate appeal in the bill of information docket number and caused the appeals to be consolidated on appeal for briefing purposes only.  In that separate appeal, *State v. Hoffpauir*, 12-865 (La.App. 3 Cir. ___/___/___), the defendant raised the same excessiveness issue as is before the court in this appeal.  That matter has been disposed of this day by reference to the opinion in this appeal.

2

With regard to the required scope of a trial motion to reconsider a sentence, La.Code Crim.P. art. 881.1(E) provides that:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Given the limited scope of the defendant's trial motion to reconsider the sentences, on appeal, we need only consider a bare-bones claim of excessiveness and determine whether the consecutive nature of the sentences leads to a constitutional violation. *See State v. Wood*, 08-1511 (La.App. 3 Cir. 6/3/09), 11 So.3d 701; *State v. Granger*, 08-1480 (La.App. 3 Cir. 6/3/09), 11 So.3d 658.

The standard to be used in reviewing an excessive sentence claim is well settled.

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In deciding whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held the following:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences

imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

We find that, when considered individually, both sentences imposed are within the statutory limits, are within the sound discretion of the trial court, do not shock our sense of justice, and do make meaningful contributions to acceptable penal goals. *See* La.R.S. 14:31(B) and 14:130.1(B).

The defendant does not contest the length of the individual sentences. Rather, she asserts that when the sentences run consecutively, the resulting fifty-five year term of imprisonment is excessive. Louisiana Code of Criminal Procedure Article 883 provides the following:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

As pointed out in *State v. Massey*, 08-839, p. 6 (La.App. 3 Cir. 12/10/08), 999 So.2d 343, 348, consecutive sentences may be imposed at the trial court's discretion if it can justify the imposition of consecutive sentences rather than concurrent sentences:

> Pursuant to La.Code Crim.P. art. 883, concurrent sentences are preferred when the offenses arise out of a common scheme or plan, particularly if the offender is a first-time offender. *State v.*

*Thibodeaux*, 05-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65. However, consecutive sentences are not prohibited; rather, the trial court must justify its imposition of consecutive sentences.

In *State v. Coleman,* 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied,* 00-1572 (La.3/23/01), 787 So.2d 1010 (citations omitted), the court identified several factors a trial court should consider when imposing a consecutive sentence:

> [T]he defendant's criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the defendant's apparent disregard for the property of others; the potential for the defendant's rehabilitation; and whether the defendant has received a benefit from a plea bargain.

In sentencing the defendant, the trial court stated that its review of the record established that the defendant and Sizemore "came up with a plan to kill" the victim, that the defendant "was not just an innocent bystander," that she "had a lot to do with initiating this plan," and that the two of them carried it out. With regard to motive, the trial court pointed to the life insurance policy, and described the entire scenario as "just pure evil on the part of these two people." The trial court further stated that it had considered the sentencing guidelines set forth in La.Code Crim.P. art. 894.1, the content of a pre-sentence investigative report, and letters from the defendant's and victim's families. Summarizing the sentences imposed and particularly the reasons for imposing the consecutive sentences, the trial court stated the following:

> In this case there was certainly harm to the victim in that the victim was killed and for apparently no reason that would in any way justify this conduct. This defendant was – did not act under any kind of provocation from the victim. The defendant, as was stated, does have one child and that child apparently is now living with that child's father, and apparently, Ms. Hoffpauir's rights to the child have been terminated. Defendant is in good health. Her past employment record consists of working for two months. She has about an eighth grade education, does not have a G.E.D. I have no information about her ever having any kind of drug or alcohol abuse or drug or alcohol

5

treatment. And, as Ms. Nelson stated, she does not have any prior criminal record. However, due to the seriousness of this case, and what happened in this matter, and the conduct by Ms. Hoffpauir, the sentence is as follows: On the charge of manslaughter, it will be the sentence of this Court that you serve 30 years at hard labor with the Louisiana Department of Public Safety and Corrections. On the offense of conspiracy to commit manslaughter, it will be the sentence of the Court that you serve 20 years with the Louisiana Department of Public Safety and Corrections. You will be given credit for time served on all of these. Those two will run concurrent with each other. On the charge of obstruction of justice, and I will make the comment that this is a separate crime that basically occurred after the killing of Mr. Hoffpauir. This defendant committed obstruction of justice by lying to the police, changing her story several times, by destroying written evidence that apparently was some kind of instructions from Mr. Sizemore to help in covering up this crime. On that offense, it is the sentence of the Court that the defendant serve 25 years at hard labor with the Louisiana Department of Public Safety and Corrections and that would be consecutive to the other two charges.

We need not reach the question of whether the trial court erred in determining that the subsequent activity giving rise to the obstruction of justice charge was not part of the original common scheme or plan to kill the victim. The trial court articulated a sufficient basis for the imposition of consecutive sentences. Furthermore, she received a significant benefit from her plea bargain. A conviction on the second degree murder charge would have resulted in a mandatory life sentence without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:30.1(B). We find no abuse of the trial court's discretion in sentencing the defendant to consecutive sentences for the offenses of manslaughter and obstruction of justice. We find no merit in the defendant's assignment of error.

## DISPOSITION

We affirm the defendant's sentences for the manslaughter and obstruction of justice convictions in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.